

# ARKANSAS COURT OF APPEALS

No. CR–15–521

| | |
|---|---|
| GREGORY AARON KINSEY<br>APPELLANT | **Opinion Delivered** January 20, 2016 |
| V. | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. CR–2013-664] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE STEPHEN TABOR, JUDGE |
| | MOTION TO REMAND TO CORRECT RECORD. REMANDED FOR CORRECTION OF THE RECORD |

**PER CURIAM**

Appellant Gregory Aaron Kinsey was convicted in the Sebastian County Circuit Court on one count of first-degree murder and one count of second-degree murder and sentenced to a total of seventy years' imprisonment. Appellant filed an appeal, and the record was lodged with this court. On November 5, 2015, appellant filed an amended petition for writ of certiorari to complete the record, or in the alternative, motion to remand to settle the record.[1] Appellant alleged that five audio and video recordings played during trial had not been transcribed by the court reporter. These included two videos of appellant's statement; several audio "jail calls"; and a video of a witness's statement. On November 18, 2015, we

---

[1]This pleading amended an original petition and motion filed on October 30, 2015.

granted appellant's amended petition, issued the writ, and directed the circuit court to complete the transcript within thirty days. We ordered appellant's brief to be filed thirty days after the supplemental record was lodged.

The circuit court filed a supplemental record on December 15, 2015. That same day, appellant filed a new motion to remand to correct the record, claiming that three of the five recordings played during the trial and mentioned in his amended petition had still not been transcribed. He requests this court to remand to the circuit court to correct these issues. We address each error individually.

The first alleged error in the transcript is appellant's statement. The State introduced a DVD of the statement, which was played at record page 1199 (R. 1199).[2] The original record that was lodged did not contain a transcript of what was played. The supplemental record addresses that error and includes a transcript of that video. On cross-examination, the defense played a short excerpt of a video of a statement by appellant at R. 1216. According to appellant's counsel, the DVD introduced by the State does not contain this excerpt. The supplemental record does not include a transcription of this excerpt.

Appellant's amended petition also requested that the audio of two "jail calls" played at trial be transcribed. The call played at R. 1418 is transcribed in the supplemental record; the call played at R. 1683 is not transcribed.

Finally, defense counsel played a short excerpt of Cole Prince's statement during

---

[2]We use direct citations to the record to prevent any confusion regarding the specific evidence at issue.

counsel's cross-examination of Mr. Prince at R. 1427. The DVD of the video was not introduced and is not part of the record. The excerpt is not transcribed in the supplemental record. The supplemental record, although containing a transcript of Mr. Prince's entire statement, gives no indication of what part of the statement was actually played at trial. The court reporter's affidavit explains that she was not clear about exactly what portion of the statement was played during trial. The excerpt that was played at trial should have been recorded and transcribed.

Each of these errors relates to the failure to transcribe recorded evidence played for a jury. *See* Ark. Sup. Ct. Admin. Order No. 4(a) (2015) (requiring a verbatim record of all proceedings). We therefore remand to the circuit court and direct it to make a determination of what excerpts were played at trial from appellant's statement at R. 1216 and from Mr. Prince's statement at R. 1427. Further, we direct the circuit court to include in the supplemental record an official transcription of these excerpts and of the audio recording of the "jail call" played at R. 1683. We order the circuit court to complete the transcript within thirty days from entry of this order.

Appellant's brief will be due thirty days after the supplemental record is lodged.

Remanded for correction of the record.